UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLORIA F. CHARBONNET wife of** <br> **and BERNARD L. CHARBONNET** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-8779** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "C"** |

## ORDER AND REASONS

Before this Court is a Motion to Remand filed by the Plaintiffs, Gloria F. Charbonnet and Bernard L. Charbonnet (collectively, "Plaintiffs") (Rec. Doc. 5). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order

to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In its Notice of Removal, Allstate Insurance Company ("Allstate"), alleges that the jurisdictional minimum is met, because Plaintiffs allege severe damage to their home and the minimum value of the home exceeds the jurisdictional minimum.  However, the Plaintiffs attach to their memorandum in support of their motion to remand a stipulation indicating that the amount in controversy is less than $75,000 exclusive of interest and costs, and that a judgment in excess of that amount will not be sought or enforced.[1] Allstate agrees that remand is appropriate if the Plaintiffs agree not to seek more than the

---

[1] The Court assumes that the stipulation refers to the amount in controversy at the relevant time of removal.

2

jurisdictional minimum, exclusive of interests and costs. Allstate presents no other proof that the jurisdictional minimum existed at the relevant time.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk,* 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the Plaintiffs Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana, this 14th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3